NOLAN *v.* HASKETT.

4-2701

Opinion delivered November 7, 1932.

*E. B. Klewer* and *Hughes & Davis,* for appellant.

*Sam M. S. Margolin,* for appellee.

KIRBY, J., (after stating the facts). Appellants insist that the court erred in not instructing a verdict in its favor and in refusing to give its requested instruction No. 3. The undisputed testimony shows that the driver of the truck, in delivering the gasoline to appellees' filling station, connected the discharge hose on the truck with the intake pipe of the underground tank, "propped the lever down" so the flow of gasoline would continue, and went away, leaving it unattended while discharging the gasoline, knowing at the time that it was a dangerous thing to do, but having no thought of any danger at the time. He knew that the lever was so arranged that it would shut the gasoline off from the discharge hose if it was not continuously held by the operator to keep it open, and propped it accordingly when he went into the restaurant. If the lever had been released, the flow of gasoline would have been shut off, and if he had been operating the lever as he was supposed to do, he might easily have put out the fire caused by the match thrown down, before it gained headway, and certainly he could have shut off the flow of gasoline by releasing the lever, had he been operating it.

When the condition was discovered by the owner of the filling station and the driver of the truck, who were coming out of the building, the owner immediately shouted to the operator of the truck to cut off the gasoline and drive the truck out of the station, and, rushing to the discharge hose, jerked it out of the intake pipe so that the truck would be disconnected. The evidence is in conflict as to the time expiring before Haskett jerked the discharge hose out of the intake pipe, but the jury could

well have found that it was some minutes, giving ample time to shut off the flow of gasoline and move the truck, had the operator been engaged in doing this as Haskett thought was the case. It is true the driver testified that he warned Haskett against disconnecting the discharge hose, but Haskett denied this, and the gasoline, not having been shut off when the discharge hose was jerked out of the intake pipe, ran freely, and the flames spread rapidly, finally reaching the building and destroying it. The driver also claimed that jerking the hose from the intake pipe spread the gasoline and the fire so as to prevent him from reaching the truck and shutting off the flow of gasoline and driving it out of the station. The owner of the station was confronted with an emergency in trying to protect his property in disconnecting the discharge hose so that the truck might be moved, and the jury could have found that he did not disconnect the hose from the intake pipe until after he directed the driver of the truck to move it and gave him time enough to shut off the gasoline and start the truck. But for the negligence of the driver of the truck in leaving the hose unattended with the lever thereon "propped down" so that the gasoline would continue to flow concurring with the negligence of Hayden in throwing the lighted match to the ground, the injury would not have occurred. *Bennett v. Bell,* 176 Ark. 690, 3 S. W. (2d) 996; *Jonesboro L. C. & E. R. Co.* v. *Wright,* 170 Ark. 815, 281 S. W. 374. The jury was also warranted in finding that the conduct of Haskett, the owner of the station, under the circumstances and in the emergency, was not such contributory negligence, if contributory negligence at all, as would bar his right to recovery. The negligence of the operator of the truck in connecting the discharge hose with the intake pipe, "propping down" the lever and releasing the flow of gasoline which would otherwise have closed the discharge hose if it had not been so fixed, and leaving it unattended with the gasoline flowing, concurring with the negligent act of the third person, Hayden, in throwing the lighted match down near enough to the waste gasoline

to ignite it, was the proximate cause of the injury and damage, as the jury, whose province it was to determine the question, found. *Pulaski Gas Co.* v. *McClintock,* 97 Ark. 576, 134 S. W. 1199; *Commonwealth Public Service Co.* v. *Lindsay,* 139 Ark. 283, 214 S. W. 9; *Morgan* v. *Cockrill,* 173 Ark. 910, 294 S. W. 44.

Instruction No. 3 was properly refused, since in effect it took away from the jury entirely the question of whether the conduct of Haskett in pulling the hose out of the intake pipe amounted to contributory negligence such as would bar recovery, only submitting the question of whether his conduct and the effect of it constituted the proximate cause of the spread of the fire.

Instruction No. 8, given by the court, was more favorable to appellants than they were entitled to. It told the jury that, if they should find Riley, the employee of appellants, was negligent in the premises at the time of the fire, and that such negligence was one of the causes of the fire, "but further find that the negligence of the plaintiff, C. C. Haskett, was one of the contributing causes of the fire, or that he failed to exercise that degree of care which an ordinarily prudent man would exercise under like circumstances," then they were instructed to find for the defendant as against both of the plaintiffs, "because the contributory negligence, if any, of the plaintiff, C. C. Haskett, is a complete bar in this case, regardless of whether or not there was some negligence on the part of the defendants through their employee." The instruction states, "but further find that the negligence of the plaintiff, C. C. Haskett, was one of the contributing causes of the fire," clearly assuming that the plaintiff was negligent, and the attempt to define negligence in connection with this did not relieve against the error in assuming that the plaintiff was negligent, and was not remedied by stating that the jury should render a verdict against both plaintiffs because "the contributory negligence, if any, of the plaintiff, C. C. Haskett, is a complete bar in this case."

The jury were warranted in finding that the negligence of appellants, concurring with the conduct of Hayden in carelessly throwing the lighted match where it ignited the gasoline, was the proximate cause of the injury; and the testimony is amply sufficient to warrant the verdict. The jury did not find that appellees were guilty of contributory negligence that would bar recovery, notwithstanding the instruction of the court that was so confusing as to be more favorable to appellants than they were entitled to.

On the whole case we do not find any reversible error, and the judgment is accordingly affirmed.