WALTER J. ZEZUSKI *vs.* JENNY MANUFACTURING COMPANY & another.

Suffolk.    November 9, 1972. — March 16, 1973.

Present: TAURO, C.J., REARDON, QUIRICO, HENNESSEY, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Negligence,* Flammable substance, Gasoline.   *Evidence,* Binding a party.   *Proximate Cause.*

Evidence that an explosion and fire damaging the plaintiff's gasoline service station occurred about two minutes after the driver of a gasoline delivery truck had started pumping of gasoline from the truck through a two-inch nozzle, without a safety valve, into a three-inch opening in an underground storage tank, although the truck was equipped with a three-inch airtight nozzle, and while the pumping was unattended by the driver, that the plaintiff had nothing to do with the unloading of the gasoline, and that the driver had access to the storage tank while delivering the gasoline, warranted findings of negligence against the driver and the company employing him. [327–332]

In an action to recover for damage to a gasoline service station caused by an explosion and fire occurring during the delivery of gasoline, testimony by the plaintiff that he had signed insurance releases containing statements that the fire was caused by "two unknown boys tossing a match into a valve control," did not preclude the

jury from finding that the plaintiff's damage was caused by negligent pumping of gasoline from a delivery truck, where the plaintiff also testified that he had not seen anyone throw a match and that the story about the two boys was a "rumor." [330–331]

TORT. Writ in the Superior Court dated July 15, 1963. The action was tried before *Goldberg*, J.

*William A. Schroeder* (*Anthony M. Arena* with him) for the plaintiff.

*Robert L. Farrell* for the defendants.

TAURO, C.J.    This is an action in tort against the defendant Jenny Manufacturing Company and its employee John Connolly brought as a result of a fire loss which the plaintiff alleged was caused by the negligence of John Connolly in delivering gasoline to the plaintiff's gasoline station.    At the close of the plaintiff's case the defendants rested without offering any evidence and moved for directed verdicts which were denied.    The jury returned verdicts for the plaintiff against each defendant.    The judge took the verdicts under leave reserved to enter verdicts for the defendants.    The defendants then moved for entry of verdicts in their favor and the case is here solely on the plaintiff's exceptions to the judge's allowance of this motion.    The issue is whether on the evidence most favorable to the plaintiff the jury could determine that the defendants' negligence was the proximate cause of the plaintiff's damages.    We believe that such a determination was warranted.

The evidence pertinent to this issue is summarized.    On or about September 27, 1962, a gasoline station, owned by the plaintiff, was damaged by fire.    Shortly before the fire started, John Connolly, an employee of the Jenny Manufacturing Company, drove a Jenny truck to the station to deliver gasoline.    Connolly connected a hose from the truck to the plaintiff's underground storage tank.    The nozzle of the hose, which lacked a safety valve, was about two inches in diameter and the opening in the tank into which he inserted it was about three inches in diameter.    The connection was not an air tight

type of connection, although the truck was equipped with a three-inch air tight nozzle from which fumes could not escape.

There was evidence that Connolly had started pumping the gasoline from the truck to the storage tank and that for about two minutes prior to an explosion he was talking to the plaintiff, facing away from the truck, about twenty-two feet from the valves that controlled the pumping. Connolly testified that he had seen two young boys coming up to the side of the truck at that time. After Connolly heard the explosion he came round the corner of the truck and saw that everything was on fire including the truck, the hose and the station. He testified that the truck was equipped with a manual safety switch that shuts off the flow of gasoline into the hose and that after the fire started he severed the connection between the hose and the storage tank spilling some gasoline.

The plaintiff testified that he had nothing to do with the unloading of the gasoline and that Connolly was talking with him when the fire started. In cross-examination he admitted that he had signed releases on insurance claim forms stating that the fire was caused by two unknown boys tossing a match into the valve control but added, "That was the rumor. There were rumors around." On redirect examination the plaintiff admitted that he did not see anyone throw a match into the valve control. There was no other evidence from anyone that matches were thrown into the valve control.[1]

The defendants argue that the plaintiff is bound by his own "undisputed" testimony that the fire was caused by two boys throwing a match into the control valve. The short answer is that this evidence *was* disputed and

---

[1] The releases were offered in evidence as exhibits by the defendants and are before us. They are in the usual printed form with typewritten information inserted. After the printed words "loss or damage by reason of" appear the typewritten words, "fire – unknown boy tossed lighted match into valve control panel – gasoline vapors igniting." The plaintiff signed these form releases to obtain some payments from the named fire insurance companies.

in fact rejected by the plaintiff on the basis that he was only relating a rumor. The defendants lean heavily on the case of *Muir Bros. Co.* v. *Sawyer Constr. Co.* 328 Mass. 413. That case is readily distinguishable in that it dealt with a contract action and an oral agreement testified to by the plaintiff. The facts are inapplicable to the instant case.

In order to warrant the plaintiff's jury verdicts there must be "sufficient evidence (1) to warrant a finding of negligence on the . . . [defendants'] part, and (2) to warrant a finding that there was a causal connection between such negligence, if found, and the plaintiff's injuries." *Berardi* v. *Menicks*, 340 Mass. 396, 399.

1. There was sufficient evidence from which the jury could have concluded that the defendants were negligent. Ordinarily the question of negligence is one of fact for the jury. Only when no rational view of the evidence warrants a finding that the defendant was negligent may the issue be taken from the jury. *Luz v. Stop & Shop, Inc. of Peabody*, 348 Mass. 198, 203–204. *Beaver* v. *Costin*, 352 Mass. 624, 626. The care and diligence required of the defendants "must be equal to the occasion on which . . . [they are] to be used, and . . . [are] always to be judged . . . 'according to the subject matter, the force and danger of the material under the defendants' charge, and the circumstances of the case.' " *Holly* v. *Boston Gas Light Co.* 8 Gray 123, 131.

We believe that the pumping of gasoline (a substance which, without careful and proper handling, can be dangerous[2]) from the truck to the tank through a two-inch nozzle, without a safety valve, into a three-inch aperture (when the truck was equipped with a three-inch air tight nozzle) for a period of two minutes, unattended and without direct observation and supervision by Connolly, presented sufficient evidence from which the jury could reasonably infer that Connolly's delivery of the gaso-

[2] *Geraci* v. *A. G. Tomasello & Son, Inc.* 293 Mass. 552, 554. See *Leahy* v. *Standard Oil Co. of N. Y.* 224 Mass. 352, 359; *Carpenter* v. *Sinclair Ref. Co.* 237 Mass. 230, 233.

line was negligent.[3]   See *Stewart* v. *Roy Bros. Inc.* 358
Mass. 446, 451–452; *Nolan* v. *Haskett,* 186 Ark. 455, 458
(jury could find gasoline deliverer was negligent in leav-
ing the discharge hose unattended with the pumping
lever propped down, so that the flow of gasoline would
continue in his absence); *McDonald* v. *Wheeling Pipe-
line, Inc.* 162 So. 2d 408, 409–410 (La. App.), writ re-
fused 246 La. 363 (negligence of gasoline deliverer estab-
lished, inter alia, by evidence that there was faulty
coupling, namely, a three-inch hose connecting the tank
on the truck to the pump and a two-inch hose extending
from the pump to the plaintiff's underground storage
tank); *Owens* v. *Moberly Oil Co.* 245 S. W. 369, 370–371
(Mo. App.) (question of the defendant's negligence was
properly submitted to the jury where it was shown that
the defendent's agent had allowed gasoline to flow from
the delivery truck faucet through approximately ten
inches of air to a funnel leading into the plaintiff's stor-
age tank).   See also Annotation, 32 A. L. R. 3d 1169,
1198–1221.

There was sufficient evidence from which the jury
could have concluded that the defendants' negligence
caused the plaintiff's damage.   The lack of evidence as
to the precise factor causing the explosion and fire did
not preclude the jury from reaching verdicts for the
plaintiff.   It is true that the mere coexistence of the
defendants' negligence and the plaintiff's injury does not
entitle the plaintiff to recovery.   *Sullivan* v. *Hamacher,*
339 Mass. 190, 194.   The jury are not allowed to specu-
late on the causal relationship between the negligence
and the injury.   The question of causation, however, is
generally a question of fact for the jury (*Leahy* v. *Stan-
dard Oil Co. of N. Y.* 224 Mass. 352, 364; *Dalton* v.

---

[3] The jury may have reasoned that if Connolly had remained close
to the valve controls he would have been in a position to prevent the
fire or to control its spread.   Moreover, the choice of equipment in
pumping the gasoline from the truck to the storage tank, and Con-
nolly's inattention during the process, warranted a jury finding of
lack of due care on Connolly's part, not only in preventing the fire
but also in preventing its spread to the plaintiff's station.

*Great Atl. & Pac. Tea Co.* 241 Mass. 400, 404; *McKenna* v. *Andreassi,* 292 Mass. 213, 217. *Stamas* v. *Fanning,* 345 Mass. 73, 76) to be proved by a preponderance of the evidence. *Sullivan* v. *Hamacher, supra.* On the issue of causation "[t]here must be something amounting to proof, either by direct evidence or rational inference of probabilities from established facts. While the plaintiff is not bound to exclude every other possibility of cause for his injury except that of the negligence of the defendant, he is required to show by evidence a greater likelihood that it came from an act of negligence for which the defendant is responsible than from a cause for which the defendant is not liable." *Bigwood* v. *Boston & No. St. Ry.* 209 Mass. 345, 348. See *Evangelio* v. *Metropolitan Bottling Co. Inc.* 339 Mass. 177, 180.

We believe that from the evidence presented the jury could draw the rational inference that the plaintiff's damage was more likely to have been caused by the negligent gasoline pumping operation than by a cause for which the defendants were not responsible. The mere existence of other possible causes did not preclude the jury from finding that the defendants' negligence was the proximate cause of the plaintiff's damage. The plaintiff is not required "to point out the exact way in which the accident occurred as long as . . . [he] showed a greater likelihood that . . . [his] injuries came from an act of negligence for which the . . . [defendants were] responsible." *Purdy* v. *R. A. McWhirr Co.* 350 Mass. 769. *Navien* v. *Cohen,* 268 Mass. 427, 431.

2. Apart from any direct evidence of negligence, we believe that the jury, from the evidence and from their own common knowledge, could reasonably have inferred that a fire of unexplained origin would not ordinarily have started without the existence of some negligence on the part of the person who was in sole control of the operation and the equipment. See *Ryan* v. *Fall River Iron Works Co.* 200 Mass. 188. In *Gerald* v. *Standard Oil Co. of La.* 204 La. 690, the plaintiffs were held to have stated a cause of action where they alleged, inter

alia, that an explosion took place at a filling station-residence during the delivery of gasoline, where the defendant had been responsible for the construction of tanks and air vents and was in sole control of the gasoline delivery. The controversy was held to be one in which negligence can be inferred from the occurrence of an accident. In *Keck* v. *Bairs, Inc.*, 150 Mont. 562, 572–574, it was held that negligence could be inferred from the occurrence of an explosion where the defendant controlled the gasoline delivery tanker and the spillage therefrom caused the explosion. Cf. *Roscigno* v. *Colonial Beacon Oil Co.* 294 Mass. 234.

In the circumstances of this case, we believe that the jury were warranted in concluding that the explosion and the fire were caused by the defendants' negligence. Such a conclusion was not required but it was permissible. Permitting the jury to reach such a conclusion "does no more than recognize that *negligence and causation, like other facts, may be established by circumstantial evidence*" (emphasis added). *Evangelio* v. *Metropolitan Bottling Co. Inc.* 339 Mass. 177, 180.

The defendants argue that the jury were not permitted to infer negligence and causation from the occurrence of the explosion because "the facts as to the origin of the fire are known." Even if we assume this to be a decisive factor, the short answer to this argument is that there was no direct evidence as to what caused the explosion. It is true that in cross-examination the plaintiff testified that he had signed insurance releases which contained statements that the fire was caused by "two unknown boys tossing a match into a valve control." [4] He also testified, however, that he had not seen anyone throw a match and that the story of the two boys was a "rumor." The jury were not required to believe the "rumor" that the fire was caused by two boys and were warranted in disbelieving this evidence. The verdicts returned by the

---

[4] The releases were introduced in evidence by the defendants during cross-examination of the plaintiff. The defendants offered no other evidence.

jury indicated that they rejected this evidence with the result that the direct cause of the fire remained unexplained.

The defendants also maintain that the inference of causative negligence is not permissible because the gasoline tank was not under their control. · It is true that the inference of negligence and causation from the circumstances of the instant case depends upon the defendants' control of the instrumentalities causing the accident. *McNamara* v. *Boston & Maine R.R.* 202 Mass. 491, 499. *Wilson* v. *Colonial Air Transp. Inc.* 278 Mass. 420, 425.

The defendants have misplaced reliance on *Bristol Wholesale Grocery Co. Inc.* v. *Municipal Lighting Plant Commn. of Taunton,* 347 Mass. 668, 673, which is clearly distinguishable from the instant case. In the *Bristol* decision we held that "where some of the instrumentalities ['feeder pipe and the concrete envelope in which it was encased'] which might have caused the accident were not under the defendant's control . . . an inference of negligence on the part of the defendant, from the mere fact of the explosion, was not warranted." The feeder pipe was owned and controlled by the· plaintiff. The defendant had no right of access to the pipe and therefore could not be considered to control it. *Id.* at 669. In the instant case, however, the plaintiff's testimony that he had nothing to do with the unloading of the gasoline was undisputed. Moreover, Connolly had access to the storage tank while delivering the gasoline.

Prosser defines the element of control necessary to permit the jury to infer negligence and causation from the occurrence of an unexplained event. " 'Control,' if it is not to be pernicious and misleading, must be a very flexible term. It must be enough that the defendant has the right or power of control, and the opportunity to exercise it . . . ." Prosser, Torts (4th ed.) § 39, at p. 220. See Wigmore, Evidence (3d ed.) § 2509. It is clear Connolly had the right to control the truck and the hose at all times and there was evidence that he had

control of the truck, the hose and the storage tank during the pumping procedure. Although the gasoline was being delivered into the plaintiff's storage tank, it could be found that, at the time of the explosion, Connolly had exclusive control of the instrumentalities causing the fire.

We believe, therefore, that the evidence relating to the defendants' control of the instrumentalities causing the accident was sufficient to warrant a finding of the element of control necessary to permit the jury to reach verdicts for the plaintiff. See *Ybarra* v. *Spangard*, 25 Cal. 2d 486, 493–494; *McCleod* v. *Nel-Co Corp.* 350 Ill. App. 216, 223–224; *McCloskey* v. *Koplar*, 329 Mo. 527, 535; *Turk* v. *H. C. Prange Co.* 18 Wis. 2d 547, 557. Since the jury could have concluded from the evidence that the defendant Connolly was in exclusive control of the instrumentalities causing the fire, they were also permitted to conclude that the fire would not have occurred but for the defendants' negligence. See *Gerald* v. *Standard Oil Co. of La.* 204 La. 690, 699.

The plaintiff's exceptions are sustained and judgments are to be entered on the verdicts returned by the jury.

*So ordered.*