## Morris K. HANSEN
### vs.
## MARANE OIL HEAT, INC. & another[1]
### and two companion cases[2]

### No. 338

District Court/Hampden, ss.
Appellate Division/Western District
Trial Court of the
Commonwealth of Massachusetts

### December 13, 1982

---

[1] Timothy Provencher

[2] David Seymour vs. Marane Oil Heat, Inc. - Morris K. Hansen, Third Party Deft. Marane Oil Heat, Inc. vs. Morris Hansen

James W. Rosseel, counsel for Hansen.
Mark I. Zarrow, counsel for Marane and Provencher.
Robert Osol, counsel for Seymour

## DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Western District sitting at Springfield upon Report from the Worcester Division and, no prejudicial error having been found,

It is hereby

ORDERED: That the Clerk of the Worcester Division make the following entry in said case on the docket of said Court, namely: Report dismissed.

Date: December 13, 1982

William T. Walsh, Justice
Mel L. Greenberg, Justice
Bernard Lenhoff, Justice

Opinion filed herewith.

Robert E. Fein, Clerk

## OPINION

**Walsh, P.J.** This appeal purports to bring three cases before us for review which had been consolidated for trial in the Worcester Division. In the subject case a property owner (Hansen) sues an oil company (Marane) and driver (Provencher) for damages resulting from an oil spill on the plaintiff's property. In one of the other cases, a tenant of Hansen sues Marane who in turn sues Hansen as a third-party defendant. The third case appears to be a counterclaim arising out of the subject case. Since the subject case is the only one argued, its resolution should dispose of all three. The trial court found for Hansen in the sum of $5,000.00 but also found that he was fifty per cent comparatively negligent and thus entitled to recover against both defendants the total sum of $2,500.00.

There was evidence that Hansen was summoned by the driver, Provencher, and was informed that the driver had pumped over 351 gallons of home heating oil, despite the fact the tank in question could only hold 275 gallons. Both men observed an oil spill in the oil tank well, and also observed the oil spilling into the basement apartment. Hansen testified concerning the extent of his and the defendants' cleaning efforts. Hansen also testified concerning the present condition of the apartment; stating that a strong odor of oil still is present there. Hansen further testified that an oil cap on the oil tank was removed by him in early December 1977 for the purpose of demonstrating to a tenant the procedure to be used in sounding the tank. The incident in question happened on January 25, 1978.

There was testimony from another witness that the odor of oil was still present at the subject apartment and that proper procedures in delivering home heating oil were not followed in this instance. There was testimony concerning the likelihood that undetected oil had seeped into the ground and the required procedures to determine its extent and cost of removal as well as the cost of ridding the basement apartment of the smell of oil.

The plaintiff filed requests for findings of fact, some of which the trial justice adopted, but most he did not. He, of course, was not required to and further made special findings of his own. **Memishian v. Phipps,** 311 Mass. 521, 523 (1942). The plaintiff also filed requests for rulings of law and being aggrieved by the denial of some of them, claims this appeal. For the purpose of appeal the plaintiff breaks his grievances down into four different categories[3] and we deal with them in order.

The first grievance follows a request for ruling that "(t)he recovery to which a

---

[3] He originally claimed a fifth grievance in that the Division of Water Pollution Control of the Department of Natural Resources should have been notified, but this was waived by the plaintiff at oral argument. In any event, it was not material to any issue in the case.

plaintiff may be entitled is not limited by the **ad damnum** damages stated in his complaint." This was denied with the notation "in absence of a motion to amend." It does not appear that the plaintiff ever made a motion to amend.

Apart from that, the request could have been granted. Dist./Mun. Cts. R. Civ. P. Rule 54(c) allows damages to be awarded in excess of the **ad damnum** and the plaintiff argues that the fact the **ad damnum** was $6,000.00 might have influenced the judge to keep the damages under that figure.

The trial justice made extensive findings of fact which demonstrate that the **ad damnum** did not affect his determination of damages and we summarize those findings. He found that the plaintiff incurred costs to clean up and sustained loss of enjoyment due to the smell. The plaintiff purchased cleaning materials and testified to spending approximately 150 hours cleaning up. Both rental units in the property remained fully rented. The plaintiff presented no evidence of out-of-pocket expense. About fifty gallons of oil were not recovered and caused the damage alleged. Most of that went to the tenant's apartment and he has been compensated. Three and one-half years after the oil spill there was no evidence that the remaining oil (ten to twenty gallons) was present in plaintiff's water supply or property. No concrete on the property has been replaced despite claims of substantial damage and there is no allegation that it is not fit for its intended use. There was conflicting evidence relative to the residual smell of oil. Finally, the judge found that the out-of-pocket expenses certainly did not exceed one hundred dollars and the balance of the $5,000.00 awarded was adequate compensation for labor, inconvenience and loss of enjoyment. If there was error in the denial of the ruling requested, it was harmless. **Hoffman v. Chelsea**, 315 Mass. 54, 56 (1943).

The plaintiff further claims that the findings of the trial court are contrary to the weight of the evidence. This argument is without merit. The trial judge made findings of fact warranted by the evidence which established that both parties were negligent. The weight of the evidence was for the trial judge. **Deitrick v. Siegel**, 313 Mass. 612, 613 (1943).

The third grievance was that "(t)he presence or the absence of an oil cap was only an incidental and ancillary matter which did not break the causative chain initiated by the defendant." The plaintiff was not entitled to a ruling on this request which was a request for a finding of fact. **Castano v. Leone**, 278 Mass. 429, 430-431 (1932).

Lastly, the plaintiff requested a ruling that "(t)he delivery of home heating oil is an activity calling for the imposition of a higher standard of care by those delivering the home heating oil." This request could be denied as immaterial and the plaintiff has no cause to complain. The trial judge found the defendant negligent in any event. The degree of negligence and the comparative negligence is a separate matter. Ordinarily it is a question of fact and this is for the judge who heard the case. **Zezuski v. Jenny Manufacturing Co.**, 363 Mass. 324, 327 (1973).

Since we find no prejudicial error, the report is hereby dismissed.

**William T. Walsh, P.J.**
**Mel L. Greenberg, J.**
**Bernard Lenhoff, J.**