Lenk, J.
The plaintiffs filed an action to recover damages from the defendant City of Worcester (“Worcester”) for wrongful death and injuries incurred during an automobile accident with the defendant James Sanders, III (“Sanders”). After a trial, the jury returned a verdict on special questions for Worcester.[4] The plaintiffs have filed motions for judgment notwithstanding the verdict under Mass.R.Civ.P. 50(b), for summary judgment under Rule 56, for relief from judgment under Rule 60(b)(6) and for a new trial under Rules 49(b) and 59.[5] For the reasons stated below, the plaintiffs motions are denied.
BACKGROUND
This case was tried before a jury between December 6-16, 1993. There was sufficient evidence for the jury to have found the following facts.
At approximately 1:00 A.M. on March 9, 1986, Sanders caused an automobile accident in Sturbridge, Massachusetts in which Sheila September and her son Kevin were killed and another son, Sean, was injured. Earlier that evening, at approximately 9:30 P.M., Officer Harney of the Worcester Police Department had stopped Sanders in his automobile in Worcester, questioned him and released him following a report of suspicious activity in the neighborhood. By that time of the evening, Sanders had consumed a considerable amount of alcohol. In the approximately 31/2 hours after Officer Harney let Sanders go and before the accident, Sanders consumed further amounts of alcohol and also marijuana.
On the special verdict slip, the jury returned a “Yes” answer to the question “[w]as the City of Worcester, acting by and through its employee Officer Brendan Harney, negligent?” and a “No” answer to the question ”[w]as the negligence of the defendant City of Worcester, acting by and through its employee Officer Brendan Harney, the proximate cause of the deaths of Sheila September and Kevin September and of the injuries to Sean September?”
DISCUSSION
The plaintiffs, through a variety of procedural motions, ask the court to overturn the juiy verdict and enter a judgment in their favor as a matter of law. The plaintiffs contend that there was credible evidence at trial to support the juiy’s findings that Worcester was negligent but no evidence to support a verdict that Worcester’s negligence was not a proximate cause of the plaintiffs’ injuries.
I.Motion for Judgment Notwithstanding the Verdict
Rule 50 of the Massachusetts Rules of Civil Procedure provides that it is a condition precedent to a motion for judgment notwithstanding the verdict that the moving party have filed a timely motion for directed verdict.[6] Although perhaps not typically done, nothing prevented plaintiffs from filing such a motion. Thus, the plaintiffs’ failure to move for a directed verdict precludes their motion for judgment notwithstanding the verdict. Hatton v. Meade, 23 Mass.App.Ct. 356, 361-62 (1987).
II.Motion for Summary Judgment
A motion for summary judgment should be allowed when the pleadings, affidavits, depositions, interrogatories, and admissions show that there is no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56. Rule 56 is a procedural device intended to dispose of litigation after pleadings are filed and before the trial. Mass.R.Civ.P. 56, Reporters’ Note (1973). In some circumstances it may be appropriate to hear a motion for summary judgment during trial. Makino, U.S.A., Inc. v. Met Life Capital Credit Corp., 25 Mass.App.Ct. 302, 317-18 (1988). However, the judge may not weigh the evidence or assess credibility in deciding that motion. Kaitz v. Foreign Motors, Inc., 25 Mass.App.Ct. 198, 201 (1987). Here, however, the plaintiffs are specifically requesting the court to weigh the credibility of the evidence which was before the jury; this is simply inappropriate in a motion for summary judgment. Further, as discussed below, proximate cause is a factual issue appropriate for the trier of fact — the jury, not the judge — to decide. Thus, plaintiffs’ motion must be denied.
III.Motion for Relief from Judgment
Rule 60(b)(6) provides that “the court may relieve a party . . . from a final judgment order or proceeding for . . . any reason justifying relief from the operation of the judgment.” This rule has an “extremely meager scope,” suitable only in “compelling and extraordinary circumstances.” Winthrop Corp. v. Lowenthal, 29 Mass.App.Ct. 180, 188 (1990), citing Bromfield v. Commonwealth, 400 Mass. 254, 257 (1987) (relief from award of legal fees allowed where procured by “undue means”). It is not an avenue for challenging supposed *374 legal errors or for obtaining relief from errors which are readily correctable on appeal. Pentucket Manor Chronic Hospital v. Rate Setting Commission, 394 Mass. 233, 236 (1985). The plaintiffs’ argument is purely a legal one, challenging the appropriateness of the jury’s verdict on the issue of proximate cause. Thus, the plaintiffs have set forth no facts which rise to the level of extraordinary circumstances which would render the motion appropriate.
IV. Motion for New Trial
The plaintiffs have filed a motion for a new trial under Rule 49(b), contending that the jury’s answers to the special questions were inconsistent with each other. They also move for a new trial under Rule 59, asserting that the jury’s verdict on proximate cause was against the weight of the evidence, was the result of either confusion or a compromise and that defendant counsel’s misconduct prejudiced the trial.
A. Mass.R.Civ.P. 49(b)
Rule 49 provides that the court may order a new trial when “the answers are inconsistent with each other and one or more is likewise inconsistent with the general verdict.” This contention addresses the substance of the plaintiffs’ claim, i.e. that because the jury found that Officer Harney was negligent, it also was required to but did not find that this negligence was a proximate cause of the plaintiffs’ injuries. The jury determined that the City of Worcester, acting by and through its employee, Officer Harney was negligent in that Officer Harney knew or should have known that Sanders was intoxicated at the time he was stopped and that Office Harney failed to remove Sanders from the road. Therefore, the plaintiff contends, “but for the failure of . . . Worcester to remove . . . Sanders from the road, the accident in issue would not have occurred." The plaintiffs argue that Sanders “could hardly cause the deaths of Sheila . . . and Kevin September [if] . . . he was sobering up in a Worcester jail.” Thus, the plaintiffs contend the jury’s verdict that Officer Harney’s negligence was not the proximate cause of plaintiffs’ harm is inconsistent.
A close reading of the two most pertinent appellate cases, however, requires the conclusion that negligence and proximate cause are two separate factual issues to be determined by the trier of fact. Irwin v. Ware, 392 Mass. 745, 763 (1984) (“We now consider whether there was sufficient evidence to support findings that the town’s police officers were negligent and that their negligence was the proximate cause of the plaintiffs injuries”) (emphasis added); Carleton v. Framingham, 34 Mass.App.Ct. 686, 691 (1993), review granted 716 Mass. 1102 (July 29, 1993). In Irwin, the Supreme Judicial Court noted that plaintiffs in these cases must show the traditional tort elements of duty, breach of duty, proximate causation and harm. Irwin, 392 Mass. at 754. The Court specifically noted that “the issue of causation is generally one for the jury.” Id. at 764 quoting Zezuski v. Jenny Mfg. Co., 363 Mass. 324, 327 (1973).
In deciding whether a police officer’s negligence was the proximate cause of the plaintiffs’ injuries, a jury has to determine that the officer “took a risk with respect to the plaintiffs safety that a person of ordinary prudence would not have taken, and that the plaintiff suffered a resulting injury that was within the foreseeable risk.” Id. at 765 quoting Cimino v. Milford Keg, Inc., 385 Mass. 323 (1982). The risk created must be “immediate and foreseeable.” Carleton, 34 Mass.App.Ct. at 691 (emphasis added). In this case, there was evidence that Sanders consumed a large amount of beer, smoked marijuana, and traveled without apparent incident over 30 miles from Worcester to Sturbridge during the three or more hours between the time he was stopped by Officer Harney and the accident. A jury could have found that it was not an immediate risk created by Officer Harney’s negligence that Sanders would continue to drink and drive for several hours. This time lag is in stark contrast to the accidents in both Irwin and Carleton which occurred very shortly after the defendants had been stopped by the police. Irwin, 392 Mass. at 765 (ten minutes); Carleton, 34 Mass.App.Ct. at 687 (officer talked with defendant “just prior to the accident”). Thus, there was sufficient evidence for the jury to find that Officer Harney’s negligence was not the proximate cause of a later occurring accident.
B. Mass.R.Civ.P. 59
Rule 59 provides that a “new trial may be granted ... in any action in which there has been a trial by jury, for any of the reasons for which new trials have heretofor been granted in actions at law in the courts of the Commonwealth ...” A judge should only set aside the verdict if satisfied that the jury failed to exercise an honest and reasonable judgment in accordance with the controlling principles of law. Turnpike Motors, Inc. v. Newbury Group, Inc., 413 Mass. 119, 127 (1992). It is appropriate only when the verdict is “so greatly against the weight of the evidence as to induce in his mind the strong belief that it was not due to a careful consideration of the evidence, but that it was the product of bias, misapprehension or prejudice.” Id. quoting Scannell v. Boston Elevated Railway, 208 Mass. 513, 514 (1911). The jury verdict was supported by sufficient evidence. The jury could have found that, given the lengthy passage of time, the subsequent intake of alcohol and marijuana and great distance traveled, Officer Harney’s actions were not a proximate cause of the tragic accident. Similarly, the jury verdict was not the result of confusion, compromise or impermissible misconduct by the defendant’s attorneys.
ORDER
It is hereby ORDERED that the plaintiffs’ motions for a new trial and entry of judgment as a matter of law are DENIED.

 The other defendants were dismissed from the case prior to or during trial.

 In light of this decision, the issue of the applicability of the Massachusetts Tort Claims act is moot.

 Rule 50 provides in pertinent part:
A party may move for a directed verdict at the close of the evidence offered by an opponent. .. [or] at the close of all the evidence ... A party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered