Kern, Leila R., J.
This action arises from injuries allegedly sustained by the plaintiff, Kevin Rogers, as a result of an automobile collision and a subsequent fall. The plaintiff has filed a complaint for negligence against co-defendants, Pathways Ambulance Services, LTD and Silla Import Export, Inc. In Count II the *47 plaintiff'alleges-that as a result ofthe; Pathway’s negligencehe.fell and sufferedan-injury to hisltimbar spine while being transported to the-hospital for treatment following'the collision. Pathways now moves for summary judgment with regard to Gount II. For the following reasons¡: Pathways’ Motion : for' Summary Judgment is DENIED.

BACKGROUND,

The court summarizes the relevant facts, which, are taken from the summary judgment .record in the light most favorable tó the nonmovipg party. See Attorney Gen. v. Bailey, 386 Mass 367, 371 (1982).
On October 12, 2006, a vehicle driven by the plaintiff, a Massachusetts State Trooper,-in’the ^course -of his employment, was struck on the driver’s side by á vehicle belonging to Silla. A Pathways- ambulance responded to the accident scene. At some point, Pathways’ Emergency Medical Technicians placed a neck brace on Rogers. He then entered the ambulance under his own power arid lay down on . a ^backboard that was located on a bench, inside-.the ambulance.. Pathways’ EMTs then, .secured Rogers to .the backboard without fastening the backboard to the bench-. As a result, when the driver made a turn on, the way to the hospital, the unsecured backboard with Rogers secured to it slid from the bench and fell approximately three feet to the ambulance floor. Although the plaintiff suffered no back pain before ' failing, ,;he began tó experience serious back pain several days later. It was subsequently5 discovered' that the plaintiff ’ stiffered from btilging discs ini liis lower back in addition-'to a neck sprain that had been diágiiósed immediately following the accident. His medical records and werk-related injury claim documents note the automobile, collision but do not indicate the fall as a possible cause of the plaintiff s injuries. In addition, at his deposition, the plaintiff-testified that no doctor has identified the fall as the.cause of his injuries. The:plaintiff also testified that he felt nothing;when he fell, and that he could not tell whether.his injuries were caused by the automobile accident or the, fqlfy

DISCUSSION

I. Standard of Review

A motion fob summary jütigrrieñt should be granted where there is no genuine issue ás to any material fact- and the moving party' is entitled to judgment as'á matter of law. Mass.R.Civ.P. 56(c). The movihg párly bears the burden of affirmatively' demonstrating' the absence of a-triable issue andThat the record entitles-them tojUdgment ás á matter óf láw. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989) : A party who üoesriót bear -the 'burden of proof at 'trial may satisfy - this-burden either by submitting affirmative evidence that negates an essential elé'lnént of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation , of proving an essential element, of his case at trial. Flesner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991). Once the moving party" “establishes the absence of a triable issue, the party opposing the motion must respond and allege'specific facts which would establish the existence' of-a genuine issue of material fact.” Pederson, 404 Mass. at 17. The court reviews the evidence in the light most favorable to the nonmoving party, but does not:weigh evidence, assess credibility, or find facts. Attorney Gen., 386 Mass. at 370-71.

II. Sufficiency of the Plaintiff’s Causation Evidence

Pathways advances three alternative arguments to establish that it is entitled to summary judgment on the issue of causation. First, Pathways contends that the plaintiff has not presented sufficient evidence to create a genuine issue of material fact as to whether the plaintiffs injuries were caused by his fall. Second, Path&ays asserts that the paucity of causation evidence .presented by the plaintiff renders his claim nothing more than “surmise, conjecture or imagination” and is therefore legally insufficient to survive summary judgment. Alholm v. Town of Wareham, 371 Mass. 621, 626-27 (1976). Third, Pathways contends that the plaintiffs claim must fail because he cannot show that his back injuries were caused by the fall without'supporting expert testimony.
The question of causation is generally one of fact for the jury. Zezuski v. Jenny Mfg. Co., 363 Mass. 324, 327 (1973). “A plaintiff need only show ‘that there was greater likelihood or probability that the harm complained of was due to causes for which Pathways was responsible than from any other cause.’ ” Mullins v. Pine Manor College, 389 Mass. 47, 58 (1983), quoting McLaughlin v. Berstein, 356 Mass. 219, 226 (1969). A plaintiff may survive summary judgment by introducing “evidence from which reasonable men may conclude that it is more probable that the event was caused by Pathways than that it was not.” Id. “Causation is,, fairly, a matter of degree, and clearly there are cases involving medical issues where no expert opinion whatsoever would be necessary to establish legal causation.’’ Bailey v. Cataldo Ambulance Service, Inc., 64 Mass.App.Ct.. 228, 236, n.6 (2005). Where the determination of the cause of a claimed injury is within “general human knowledge and experience,” no expert testimony is required. Id. at 237; see Bennett v. Winthrop Community Hosp., 21 Mass.App.Ct. 979, 982 (1986) (“[t]he fact of injury consequent upon a fall is incontestable”).
Viewed in the light most favorable to the plaintiff, the,, summary judgment record contains enough evidence for a ¡reasonable trier of fact to infer that it is more probable, than not that the plaintiffs injuries were caused by his fall. Mullins, 389 Mass. at 58. A reasonable trier of fact could infer that the plaintiff was not seriously injured prior to the fall. Although the. plaintiff was fitted with a neck brace by EMTs, no evidence was presented to suggest that his back was injured at the time he entered the ambulance. He *48 walked away from the scene of the collision and entered the ambulance under his own power. A reasonable fact finder could conclude that it is more probable than not that the plaintiffs injuries were caused by falling within the moving ambulance. Therefore, there is no merit to Pathways’ contention that the plaintiffs claim is legally insufficient because it is based on “surmise, conjecture or imagination.’’ Alholm, 371 Mass. at 626-27. Finally, as a matter of law, the plaintiff need not present expert testimony to show that his injuries were caused by the fall because it is within “general human knowledge and experience” that falling inside a moving ambulance could cause the plaintiffs alleged injury. Bailey, 64 Mass.App.Ct. at 236, n.6.
As such, there is a genuine issue of material fact as to whether the plaintiffs injury was caused by his falling while being transported in Pathways’ ambulance. Therefore, summary judgment is not appropriate.

ORDER

It is therefore ORDERED that the defendant, Pathways Ambulance Services, LTD’s, Motion for Summary Judgment is DENIED.