# RESCRIPTS WITHOUT OPINIONS.

Pursuant to the requirements of G. L. (Ter. Ed.) c. 211, § 9, the Reporter publishes the following:

FRANK JENCYOWSKI *vs.* ANDREW HAMBRO. June 2, 1950. Order dismissing petition to establish draft report affirmed. The plaintiff in an action at law in a District Court appeals from an order of the Appellate Division dismissing his petition to establish a report based upon the overruling by the trial judge of the plaintiff's motion for a new trial. See Rules 28, 30 of the District Courts (1940). According to the plaintiff's petition the trial judge certified that he disallowed the report because he did not think that all pertinent testimony was properly included. This was a sufficient reason for disallowing the report. The Appellate Division in its opinion states that the certificate of the judge was not rebutted, explained, or overcome by evidence before it. This statement is part of the record. *Calcagno* v. *P. H. Graham & Sons Co. Inc.* 313 Mass. 364, 365–366. The burden rested upon the plaintiff to produce to the Appellate Division evidence sufficient to control the certificate of the trial judge. The decision of the Appellate Division that he had failed to do so was final. *Cohen* v. *Berkowitz*, 215 Mass. 68, 71. *Sawsik* v. *Ciborowski*, 256 Mass. 583. *Patterson* v. *Ciborowski*, 277 Mass. 260, 266. *Santosuosso* v. *DellaRusso*, 300 Mass. 247, 250. Whether there were other sufficient reasons for dismissing the petition need not be considered.

   *J. F. Kelley*, for the plaintiff.

   *E. V. Cashin*, (*M. J. Aldrich* with him,) for the defendant.

IRENE BROWN, administratrix, *vs.* PANSY M. ISAACS & others. June 28, 1950. Decree affirmed. The issue is whether the intestate, on the day before he went to a hospital for a second operation for cancer, made to the respondent Isaacs a completed gift of a savings bank deposit. There was evidence that Mrs. Isaacs had done favors for the intestate, and that he had expressed an intention of doing something for her. There was evidence from Mrs. Isaacs, from her daughter, and from an apparently disinterested person who testified that the intestate had asked him to be present as a witness, that the intestate handed the bank book to Mrs. Isaacs with the statement, in substance, that he was making a gift of it to her. There was evidence that she accepted and retained the book. If this evidence was true there was a completed gift. *Mangan* v. *Howard*, 238 Mass. 1, 5. *Millett* v. *Temple*, 280 Mass. 543, 549. *Gowell* v. *Twitchell*, 306 Mass. 482, 487. *Greeley* v. *Flynn*, 310 Mass. 23, 26. Evidently the judge, who saw and heard the witnesses, believed it. We cannot say that he was plainly wrong. Nothing would be gained by a further detailed statement of the evidence. There is no merit, especially at this stage of the case, in the highly technical arguments based upon the wording of the pleadings.

   *J. S. Mitchell*, for the plaintiff.

   *S. Lieberson*, for the defendant Isaacs.