SAEED MORAD *vs.* JOHN L. RAMOS, JUNIOR.

Bristol.   October 28, 1953. — December 2, 1953.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Landlord and Tenant*, Waste, Tenant's liability to landlord, Surrender of lease. *Practice, Civil*, Premature action.

An action by the lessor under a lease against the lessee for breach of a covenant against waste was not premature in that it was commenced before the termination of the lease. [562]

Liability of a lessee for breach of a covenant in his lease against waste would not be extinguished by surrender of the premises after the waste occurred. [563]

CONTRACT OR TORT.   Writ in the Third District Court of Bristol dated September 5, 1950.

The action was heard by *Briggs*, J.

In this court the case was submitted on briefs.

*Stanislaw Peltz*, for the defendant.

*Gerald P. Walsh*, for the plaintiff.

SPALDING, J.   This action of contract or tort arises out of an alleged breach of a covenant in a lease. The property involved in the lease consisted of a store and its equipment. The judge found for the plaintiff. A report to the Appellate Division was dismissed and the defendant appealed.

At the trial the defendant presented twenty-one requests for rulings, but these need not concern us, as all of them were granted. If there was error it must be found in the judge's action with respect to the plaintiff's requests. Of these, eight in all, the judge granted six and denied two. The questions of law argued by the defendant arise out of the granting of the plaintiff's third, seventh and eighth requests, which asked for rulings that the evidence warranted a finding that the defendant "made or suffered waste . . . upon the leased property in violation . . . of the lease" (request numbered 3); a finding that the defendant violated the terms of the lease "to the damage of the plaintiff, both as to realty and personalty" (request numbered 7); and a finding for the plaintiff (request numbered 8).

The defendant, as lessee, covenanted ". . . to quit and deliver up the premises and all of said other real and personal property hereinbefore described to the lessor . . . peaceably and quietly, at the end of the term, in as good order and condition, reasonable use and wearing thereof, fire and other unavoidable casualties excepted, as the same now are, or may be put into by the said lessor . . . and not make or suffer any waste thereof; . . . and that the lessor may enter . . . to expel the lessee, if he shall . . . make or suffer any strip or waste thereof." The judge made detailed findings of fact, in the course of which he found that "waste, voluntary and permissive, [was] committed by the defendant." The evidence on this point was conflicting and we cannot say on this record that this finding was unwarranted. The judge took a view and had the benefit of photographs of the property which are not before us.[1] We find nothing in the subsidiary findings of the judge which vitiates this finding.

The defendant contends that the action was premature. The lease was for a term of ten years from September 7, 1940.

[1] The record states that the photographs, twelve in number, were introduced in evidence and are incorporated in and made a part of the report by reference. These were before the Appellate Division, but have not been brought to this court.

The date of the writ was September 5, 1950, and it was served on the defendant the following day, September 6. The defendant's position is that under that portion of the lease which required the defendant to deliver up the leased property at the end of the term (September 7, 1950) in as good condition as it was at the commencement of the lease, reasonable use and wear excepted, there could be no breach prior to the termination of the lease; the covenant is satisfied if the premises are left in that condition at the end of the term. It would appear that this proposition is amply supported by our decisions. *Atkins* v. *Chilson*, 9 Met. 52, 63. *Hill* v. *Hayes*, 199 Mass. 411, 416. *Massachusetts Home Missionary Society* v. *Sirianni*, 252 Mass. 352. *Judkins* v. *Charette*, 255 Mass. 76, 82. *Ryan* v. *Boston Housing Authority*, 322 Mass. 299, 301. See *Krasnow* v. *Krasnow*, 253 Mass. 528.

But this argument does not aid the defendant. The decision below did not rest on a violation of the covenant just mentioned. The action was grounded on a violation of both covenants, that is, the covenant to deliver up in good condition and the covenant not to make or suffer waste. It is plain from the findings of the judge that his decision was grounded on a violation of the latter. It is true that in the first paragraph of his findings he stated that the liability under the lease "turns on the common covenant of a lessee" to quit and deliver up the property at the end of the term in as good condition as it was at the commencement, reasonable use and wear excepted. But later on in his findings he makes it abundantly clear that he had put the covenant to deliver up the premises in good condition out of the case and was resting his decision solely on a breach of the covenant against waste. In this there was no error. Under this covenant the defendant agreed not to "make or suffer any waste," and if he violated it the plaintiff was given the right to enter and expel him. For breach of this covenant the plaintiff was not obliged to wait until the end of the term in order to enforce his rights. The action, therefore, was not premature.

The defendant argues that the evidence required a finding as matter of law that the plaintiff and the defendant had agreed to a surrender, and that the judge erred in finding that they had not. A recital of the evidence and of the judge's subsidiary findings on this issue would not be profitable for a reason presently to be stated. Even if, as we do not decide, the evidence required a finding of surrender, the defendant is not helped. A surrender relieves the tenant of future liability under the covenants in the lease; but it does not extinguish liability that has already accrued. *Security System Co.* v. *S. S. Pierce Co.* 258 Mass. 4. *Factory Realty Corp.* v. *Corbin-Holmes Shoe Co.* 312 Mass. 325. *In re Sherwoods, Inc.* 210 Fed. 754, 759–760 (C. C. A. 2). *Richmond* v. *Savill,* [1926] 2 K. B. 530. Am. Law of Property, § 3.99. Am. Jur., Landlord & Tenant, § 914. In the case at hand the waste had occurred prior to the alleged surrender.

Finally, the defendant argues that the damages were excessive, but he did not raise that question in the trial court and it cannot be raised for the first time here.

*Order dismissing report affirmed.*