ERIC HUIKARI *vs.* ALLEN EASTMAN (and a companion case). June 15, 1972. In 1959 Eastman sold some cranberries grown by him to Huikari. These and cranberries from other sources were then sold and shipped by Huikari to a canning company in four separate shipments. Huikari now seeks recovery for $6,102.25 paid Eastman for his berries included in the first two shipments, alleging the berries were contaminated. In a cross action Eastman seeks recovery of $2,166 for his berries included in the third shipment. There is no issue before us on the fourth shipment. A single trial of the cross actions in the District Court resulted in a finding for Huikari for $6,102.25 in the action brought by him, and a finding in his favor in the action brought against him. Eastman claimed a report to the Appellate Division in both cases. The cases are here on Eastman's appeals from the Appellate Division's dismissal of both reports. There was no error. In both cases the trial judge found that (a) Eastman had sprayed his cranberry bogs with a chemical (amino-triazole), (b) the berries were thus contaminated and made unmarketable and unfit for human consumption, and (c) the berries were seized and destroyed by Federal authorities. To avoid the dispositive effect of these findings, Eastman seeks review of the judge's denial of several requests filed by him and labeled "requests for rulings." Despite their label, several of them are requests for findings of fact on which the judge's action is not reviewable. The scope of review open to a litigant in the Appellate Division, and on appeal therefrom to this court, is limited to "matters of law." G. L. c. 231, § 108, as amended, and § 109. *Duggan* v. *Matthew Cummings Co.* 277 Mass. 445, 449. *Butler* v. *Cromartie,* 339 Mass. 4, 6. *James J. Derba, Inc.* v. *Hamilton Serv. Inc.* 355 Mass. 127, 130. To the extent that the requests were for rulings of law, the judge's action thereon was free from error. Eastman gained nothing by attempting to raise the same questions by a "Motion to Vacate Finding" after the judge's initial decision of the case against him. The admission of uncertified copies of records of Federal proceedings for destruction of the berries was but a small part of the evidence on that subject, and if admitted in error, the error was not prejudicial. In Eastman's case as plaintiff, he raises substantially the same questions plus the denial of his motion for a new trial. This motion raised no question which could not have been raised at the trial. In this situation, the judge was not compelled to entertain Eastman's requests for rulings filed at the hearing on the motion. *Peterson* v. *Hopson,* 306 Mass. 597, 600, and cases cited.

The order of the Appellate Division dismissing the report in each case is affirmed with costs of appeal to Huikari.

*So ordered.*

*George C. Decas* for Allen Eastman.
*Edward H. Stevens* for Eric Huikari.

