Forte, J.
This is before the Appellate Division on an amended report and is an action in contract in which the plaintiff, an Illinois corporation, seeks to recover the unpaid balance on an equipment rental agreement from the defendant, a Massachusetts corporation having its usual place of business in Burlington, Massachusetts.
The answer denies that the defendant was obligated to perform under the lease and raised the affirmative defenses of modification, waiver, failure of conditions precedent, prior breach, and revocation of acceptance.
There was evidence that the parties on December 15,1980 entered into a rental agreement whereby the plaintiff would rent a copier described as “ 1 Canon MP 5500 copier, serial #X0200935” for three years to the defendant. The lease contained, among others, the following provisions:
1. (t)his agreement shall be considered to be an Illinois contract and shall be deemed to have been made in Lake County, Illinois, regardless of the order in which the signatures of the parties shall be affixed hereto, and shall be interpreted, and the rights and liabilities of the parties here determined, in accordance with the law and in the courts of the State of Illinois.
2. The lessor shall ... at its sole cost and expense, enter into a full Maintenance Service Agreement with CDS Corporation pursuant to which CDS shall agree to provide services of the same quality and timeliness as those same services when performed for CDS lease customers.
3. Lessor shall not be responsible to Lessee for any damages, whether direct, incidental or consequential, resulting from the use, performance, or failure of the equipment or otherwise, and lessor’s sole obligations hereunder shall be to provide the equipment and to enter into the full service maintenance agreement.
4. If lessee fails to pay any rent. . . when due . . . the full amount of total rent then upaid hereunder . . . shall become due and payable. In addition to all other remedies provided by law, lessor may take possession of the equipment wherever same may be located but lessee shall not be released from its obligations under this lease until the full amount *183 of unpaid total rent and all other sums payable hereunder, including reasonable attorney’s fees, have been paid in full.
5. The total rent was to be paid in 36 monthly installments of $535.00.
Additionally there was evidence that: the plaintiff delivered Canon MP5500 copier, serial number X0200935 on the date of the lease execution; the plaintiff owned the copier; the plaintiff entered into the service contract with CDS Corporation to service the copier; 65924 copies had been made on the copier prior to December 15, 1980; the defendant made 20000 copies on the copier; problems arose which required CDS Corporation to make 6-7 service calls; on February 9, 1981 the defendant’s vice-president wrote the plaintiff a letter purporting to cancel the lease and requested the plaintiff to remove the machine; the defendant made no payments; sometime in February 1981 the plaintiff removed the copier and reserved its rights; in March 1981, the copier was leased to a third party for one year at a monthly rental of $375.00. From the judge’s findings, which are part of the report see Olofson v. Kilgallen, 362 Mass. 803 (1973)], there was no evidence relative to defects in the copier nor were any defective copies introduced.
At the close of the evidence, the defendant filed sixteen requests for rulings of which thirteen were denied.
The defendant claims to be aggrieved by the denial of its requests, by the judge’s findings of fact, and by the judge’s refusal to make additional findings.
Although thirteen requests were denied, the defendant has briefed and argued four issues:
1. The plaintiff could not maintain this action in the Massachusetts courts because of that part of the lease that states 'the rights and liabilities of the parties here (shall) be determined in the courts of the State of Illinois.
2. The trial judge applied Massachusetts law rather than Illinois law on the issue of warranties.
3. The right to reject or revoke acceptance of non-conforming goods.
4. Error in the measurement of damages.
Matters not argued, either orally or in writing, before the Appellate Division are deemed waived although they are raised in the report. Rush Ins. Agency v. James P. Noonan, 54 Mass. App. Dec. 32 (1974).
There was no error.
I. Although the parties in the lease agreed that Illinois law would govern, when suit was commenced in the Massachusetts courts, Massachusetts procedural rules would apply. Gregory v. Maine Central Railway, Co., 317 Mass. 636 (1945).
Rule 12 of the Dist./Mun. Cts. R. Civ. P. reads as follows:
(b) Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, crossclaim or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except the following defenses may at the option of the pleader be made by motion:
(1) lack of jurisdiction over the subject matter
(2) lack of jurisdiction over the person
(3) improper venue
(4).
'A motion making any of these defenses shall be made before pleading if a further pleading is permitted. . .
‘(h) A defense of lack of jurisdiction over the person, improper venue ... is waived if. . . (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof per *184 mitted by Rule 15(a) to be made as a matter of course, (emphasis supplied.)
The defendant did net raise the defense that the parties had agreed to litigate their issues in the Illinois courts either by a motion or by the responsive pleading to the complaint. The first time this issue was raised was at the close of the evidence by a request for a ruling. Therefore, the defendant waived this alleged defense pursuant to Rule 12(h).
Furthermore, because the defendant has its place of business in Massachusetts and service was made upon it in Massachusetts, the Massachusetts courts had jurisdiction. Peabody v. Hamilton, 106 Mass. 217 (1870).
Courts having jurisdiction cannot be ousted of that jurisdiction by contract of the parties. Nashua River Paper Co. v. Hammermill, 223 Mass. 8 (1916).
II. Although the trial judge may have applied Massachusetts law, as argued by the defendant, the plaintiff was a “finance lessor” and not a merchant under the Uniform Commercial Code and therefore no implied warranty of merchantability would have arisen. [Patriot General Life Ins. Co. v. CFC Investment Company, Mass. App. Adv. Sh. (1981) 1001], and although Illinois law differs in that provisions of the Uniform Commercial Code are applied to equipment leases, i.e., the warranty provisions of Art. 2, [Walter E. Heller & Co., Inc. v. Convalescent Home of the First Church of Deliverence, 365 N.E. 2d 1285 (1977)], such distinction in the instant case is immaterial due to the trial judge’s findings of fact. DiGesse v. Columbia Pontiac, Inc. 369 Mass. 99 (1975). The trial judge found “. . .if Celco, Inc. were subject to the warranty of merchantability, the photocopier was merchantable, would pass without objection in the trade and was fit for the ordinary purposes for which copiers of this type are used.”
III. The third issue argued and briefed rests upon the allegations of nonconfor-mance. The defendant argues the lease contains no description of the copier. This argument fails. The lease is quite specific in what copier was intended to be leased, to wit: “1 Canon NP5500 copier Serial #X0200935”. Further, the defendant acknowledged “that the equipment described above was received by the lessee on December 15, 1980 in good order and condition acceptable to lessee. . .”
In addition, there was no evidence as to any defects in the copier nor were any defective copies introduced.
IV. As to the issue of an alleged error in the calculation of damages, this issue has not been presented to the trial judge. Generally, the Appellate Division will not entertain an issue that has not been presented to the trial judge. Morad V. Ramos, 330 Mass. 560, 563 (1953), Mullins v. Pine Manor College, 389 Mass. 47, 63 (1983).
Furthermore, “any questions that the (appellant) seeks to have reviewed is not now open to him in absence of requests for rulings on that point.” Mishara v. Halpern, Mass. App. Dec. Adv. Sh. (1977) 711, citing Murphy v. Kelly, 302 Mass. 390, 392 (1939).
There were two requests for rulings relatingtodamages, both were allowed, but neither dealt with an alleged miscalculation.
Report dismissed.