KEVIN C. OLDHAM *vs.* JOHN C. NEROLICH. July 26, 1983. *Practice, Civil,* New trial. *Negligence,* One owning or controlling real estate, Firearm.

The plaintiff, Kevin C. Oldham, appeals from the denial of his motion for a new trial. We transferred the case to this court on our own motion. The plaintiff had brought an action of tort for negligence against the defendant. The plaintiff contends that the trial judge abused her discretion in denying his motion for a new trial because the verdict for the defendant was against the weight of the evidence. Arguing that the evidence established the defendant had failed to meet the standard of reasonable care owed a lawful visitor, the plaintiff further contends that the standard of care owed by landowners to trespassing children should be applicable to owners of land who leave loaded firearms within the reach of children invited on the premises. See generally *Soule* v. *Massachusetts Elec. Co.*, 378 Mass. 177, 184 (1979); *Mounsey* v. *Ellard*, 363 Mass. 693, 707 (1973); G. L. c. 231, § 85Q, inserted by St. 1977, c. 259.

The defendant had invited his ten year old nephew and the eleven year old plaintiff to his home. After returning from taking the boys fishing, the defendant left his home, front door closed but unlocked, with the boys sitting on the front steps and waiting to be picked up by the mother of the nephew.

The plaintiff and the nephew reentered the house, went into an upstairs bedroom, and removed a loaded rifle from an unlocked bedroom closet. The firearm, held by the nephew, discharged and struck the plaintiff.

A firearms expert testified that the firearm could have been secured easily and inexpensively. The case was tried on the theory that the plaintiff was a lawful visitor on the defendant's premises.

1. The question of negligence is one for the jury. See *Zezuski* v. *Jenny Mfg. Co.*, 363 Mass. 324, 327 (1973). The trial judge may set aside a ver-

dict as against the weight of the evidence "only if he is satisfied that the jury have failed to exercise an honest and reasonable judgment in accordance with the controlling principles of law." *Hartmann* v. *Boston Herald-Traveler Corp.*, 323 Mass. 56, 60 (1948). Whether the duty of reasonable care owed by a landowner to lawful visitors was violated is a matter for the jury to find "in accordance with community standards as to what constitutes acceptable behavior on the occupier's part." *Mounsey* v. *Ellard, supra* at 709. The jury could have determined that, in accordance with prevailing community standards, the defendant reasonably left his nephew and the plaintiff safely outside, expecting them to be picked up momentarily, and that the defendant reasonably believed that the boys would not reenter the house. It cannot be said by us that no conscientious judge, acting intelligently, could have taken the view of the trial judge in denying the motion for a new trial. See *Hartmann* v. *Boston Herald-Traveler Corp., supra*; *Davis* v. *Boston Elevated Ry.*, 235 Mass. 482, 502 (1920). There was no abuse of discretion in the denial of the motion.

2. The application of the duty owed to trespassing children, G. L. c. 231, § 85Q, to the facts of the instant case has been raised by the plaintiff for the first time on appeal. Neither the original complaint nor the amended complaint contains any allegations of any statutory or common law duty to the plaintiff as a trespassing child. No objection was taken by the plaintiff to the judge's instructions to the jury that the standard of care was that owed to lawful visitors.

An issue raised for the first time at the appellate level need not be considered by us. See *International Fidelity Ins. Co.* v. *Wilson*, 387 Mass. 841, 851 (1983); *Penney* v. *First Nat'l Bank*, 385 Mass. 715, 718 n.2 (1982); *Royal Indem. Co.* v. *Blakely*, 372 Mass. 86, 88 (1977); *American Coated Fabrics Co.* v. *Berkshire Apparel Corp.*, 361 Mass. 165, 168 (1972). Nor can we perceive how G. L. c. 231, § 85Q, is applicable to the facts of this case where there was no claim that the plaintiff was a trespasser.

The motion for a new trial was properly denied.

*Order affirmed.*

*Ronald S. Beitman* for the plaintiff.
*Mary Holland Harvey* for the defendant.