Donovan, J.
This is an action of contract in which the plaintiff seeks recovery of a debt allegedly owed it by defendant. After trial, the court found for the defendant.
At the close of the trial, and before final arguments, the plaintiff made the following requests for conclusions of law:
1. There was no unauthorized use of the Mastercharge card, as defined in M.G.L. c. 140D, § 1, relevant to this cause of action.
2. Any use of the said charge card by the defendant’s spouse was with the actual, implied, or apparent authority conveyed by the defendant.
3. The undated letter from the defendant to the plaintiff, entered into evidence, constitutes a promise to pay the debt upon which this suit is brought. /
4. The defendant is indebted to the plaintiff in the amount alleged in the plaintiffs Complaint.
The trial judge refused to rule on these requests, holding that they were actually requests for findings of fact.
The plaintiff, contending that the requests were proper for conclusions of law, brings this petition to establish a report.
The single issue before the court is whether or not the trial court erred in holding that plaintiffs requests for conclusions of law were actually requests for findings of fact.
“A fact as distinguished from the law may betaken as that out of which the point of law arises, that which is asserted to be or not to be, and is to be presumed or proved to be or not to be, for the purpose of applying or refusing to apply a rule of law.” Hinckley v. Town of Barnstable, 311 Mass. 600, 603 (1941); Black’s Law Dictionary, 706 (West 1968). Applying this definition of the distinction between law and fact to the four requests in question, it is clear that the trial court was not in error in its determination.
Each of the requests refer to precisely that “which is asserted to be or not to be,” Id., and is therefore, as a matter of definition, fact and not law. Whether or not there was or was not any authorized use of the credit card, whether or not the defendant’s spouse had the defendant’s authority to use the card, whether or not the letter from the defendant to the plaintiff constituted a promise to pay, and whether or not the defendant is indebted to the plaintiff are all questions of fact to be answered by the finder of fact.
*164 Plaintiff argues most emphatically that request numbered #4, whether or not defendant is indebted to plaintiff, is the central issue of law to be determined. The issue of indebtedness is indeed the central issue of fact. It is precisely the issue of indebtedness which was “asserted to be or not to be,” Id., at trial.
Therefore, the plaintiffs requests for conclusions of law were actually requests for findings of fact.
The petition to establish a report is denied.