RICHARD PRYOR vs. HOLIDAY INNS, INC.

Suffolk. November 4, 1987. — January 12, 1988.

Present: HENNESSEY, C.J., LIACOS, LYNCH, & O'CONNOR, JJ.

*Employment,* Discrimination. *Practice, Civil,* Appeal, Presumptions and burden of proof.

In an action where the plaintiff alleged discrimination in employment in violation of G. L. c. 151B, § 4 (9), this court declined to reconsider its holding in *Trustees of Forbes Library* v. *Labor Relations Comm'n,* 384 Mass. 559 (1981), with respect to the burden of proof standard in such cases, in circumstances where the plaintiff raised the issue for the first time on appeal. [508-510]

In an employment discrimination action in which the employee made a prima facie showing that unlawful discrimination was a motive for the termination of his employment, the judge's finding that the employer met its burden of coming forward with independent legitimate reasons for the employee's discharge was not clearly erroneous. [511-512]

CIVIL ACTION commenced in the Superior Court Department on January 10, 1979.

The case was heard by *James F. McHugh,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*Marjorie Heins (Lynn Weissberg* with her) for the plaintiff.

*Carol A. Griffin* for the defendant.

*Jean A. Musiker,* for Massachusetts Commission Against Discrimination, amicus curiae, submitted a brief.

LIACOS, J. This is an employment discrimination action brought pursuant to G. L. c. 151B, § 9 (1986 ed.), by the plaintiff, Richard Pryor, against the defendant, Holiday Inns, Inc. The plaintiff alleged that the defendant violated G. L. c. 151B, § 4 (9),[1] in terminating his employment for withholding

---

[1] General Laws c. 151B, § 4 (9) (1986 ed.), provides in relevant part that it shall be an unlawful practice "[f]or an employer . . . in connection

information on his employment application regarding two prior arrests that did not result in conviction.[2] After a jury-waived trial, judgment entered for the defendant. The plaintiff's appeal is before us on direct appellate review. Mass. R. A. P. 11, as amended, 378 Mass. 924 (1979).

The plaintiff advances two main arguments in support of his appeal. First, the plaintiff urges this court to reconsider and modify our holding in *Trustees of Forbes Library* v. *Labor Relations Comm'n,* 384 Mass. 559 (1981), so as to change the allocation of the burden of proof in employment discrimination cases. In the alternative, the plaintiff argues that, even under the standard enunciated in *Forbes Library,* he should have prevailed.

Since the plaintiff did not raise below the matter of modifying *Forbes Library,* we decline to address this issue. Further, we conclude that the trial judge did not commit error in finding that the defendant had met its burden of proof under *Forbes Library.* Thus, we affirm the judgment of the Superior Court.

The case comes to us on facts found by the trial judge. On October 30, 1975, the plaintiff submitted an employment application to the defendant. Included in the application was an inquiry whether the applicant had "ever been arrested, charged, or held by any law enforcement agency . . . [f]or other than a minor traffic violation." Although Pryor had twice been arrested in the past, he answered the question in the negative. The defendant's housekeeper, Shirley Thompson, hired the plaintiff two days later.

with an application for employment . . . to request any information, . . . to use any form of application or application blank which requests such information, or to exclude, limit or otherwise discriminate against any person by reason of his or her failure to furnish such information through a written application or oral inquiry or otherwise regarding: (i) an arrest, detention, or disposition regarding any violation of law in which no conviction resulted . . . . No person shall be held under any provision of any law to be guilty of perjury or of otherwise giving a false statement by reason of his failure to recite or acknowledge such information as he has a right to withhold by this subsection."

[2] The trial judge found that the defendant had not met its burden of proving that convictions had resulted.

The judge found that the course of Pryor's employment relationship with the defendant was "rocky" from the beginning. Pryor received several oral reprimands, as well as a one-month suspension that began on September 30, 1977. On October 31, 1977, Thompson suspended Pryor pending the outcome of a Boston police investigation of possible conspiracy for assisting in the burglary of hotel guest rooms. After Pryor had cleaned out his locker and left the premises that day, Thompson informed the district director Jerry Jarzyniecki, and the innkeeper, Alex Inman, that she did not want the plaintiff to return to work. No criminal charges against the plaintiff resulted from the investigation, but during the course of the police inquiry, the hotel management learned of Pryor's arrest record. Jarzyniecki and Inman decided to fire the plaintiff. On November 16, 1977, they issued a notice of separation, terminating the plaintiff's employment because of his false answer concerning previous arrests.

The plaintiff filed a complaint with the Massachusetts Commission Against Discrimination (MCAD) on April 19, 1978. MCAD dismissed the complaint for lack of probable cause on July 27, 1978, finding that the termination was for complicity in a conspiracy to burglarize the defendant's guest rooms. The MCAD determination was upheld on administrative review on December 22, 1978.[3]

On January 10, 1979, Pryor filed his complaint in the Superior Court in Suffolk County. The case, after much delay, finally went to trial from June 27 to July 1, 1985. On November 6, 1985, the judge rendered judgment for the defendant, ruling that Pryor had not met his burden of proving that, but for the defendant's unlawful discriminatory conduct, he would not have been fired.

1. *Modification of the burden of proof standard.* In *Forbes Library, supra,* we adopted for unlawful discharge cases a "but for" standard, and placed on an employee the burden of

---

[3] The trial judge found that the MCAD's decision was based, in significant part, on an erroneous conclusion that Pryor's involvement in the burglaries had been verified by the Boston police department.

persuading the trier of fact that he would not have been discharged but for a discriminatory animus. *Id.* at 563-565. The employee is allowed, however, to rely on a prima facie showing of discrimination. This shifts to the employer the burden of coming forward with evidence of a lawful reason that was actually the motive for its decision. The *Forbes Library* rule does not, however, relieve the employee of his burden of proof. *Id.* at 565-566. "The burden of persuasion remains with the employee, who must prove by a preponderance of evidence that the asserted lawful reason was not the real reason for the discharge." *Id.* at 566. The plaintiff urges this court to adopt a standard that, once an employee produces prima facie evidence that unlawful discrimination was a substantial factor in a decision to discharge him, the burden then shifts to the defendant to prove that it would have made the same decision absent the discriminatory motive.[4] See *NLRB* v. *Transportation Management Corp.,* 462 U.S. 393 (1983); *Bibbs* v. *Block,* 778 F.2d 1318 (8th Cir. 1985).

The plaintiff concedes that he failed to raise this argument below. We decline to exercise our discretion to consider this issue for the first time on appeal. *Oldham* v. *Nerolich,* 389 Mass. 1005, 1006 (1983). *International Fidelity Ins. Co.* v. *Wilson,* 387 Mass. 841, 851 (1983). *M.H. Gordon & Son* v. *Alcoholic Beverages Control Comm'n,* 386 Mass. 64, 66-67 (1982). *First Nat'l Bank* v. *Haufler,* 377 Mass. 209, 211-212 (1979).

It is true that this court has recognized that, in certain circumstances, it will decide issues not raised below. *Filippone* v. *Mayor of Newton,* 392 Mass. 622, 627 n.8 (1984) (court decided validity of "home rule" ordinance, an issue raised only at appellate level, as important public interest matter). *McLeod's Case,* 389 Mass. 431, 434 (1983) (court may consider questions of law not raised below "[w]here injustice might otherwise result"). *Mullins* v. *Pine Manor College,* 389 Mass.

---

[4] In a rather unusual posture, MCAD, which dismissed the plaintiff's claim, has filed an amicus brief urging us to accept the plaintiff's arguments on this point. We note, also, that MCAD made no such argument in the *Forbes Library* case.

47, 63 (1983) (court considered new issues that were "of some public importance" where result reached unchanged). *Wellesley College* v. *Attorney Gen.,* 313 Mass 722, 731 (1943) (in light of public interest involved and uncertainty in law, court considered issue not presented properly). The case at bar stands on a different footing, however. It is a long-standing action in which the date of Pryor's discharge preceded that of the employee's firing in *Trustees of Forbes Library* v. *Labor Relations Comm'n,* 384 Mass. 559 (1981). The discrimination here did not rise to the level of racial or sexual bigotry. Moreover, as the judge found, the employer had recurring and legitimate concerns about the plaintiff's work performance.

We believe that this case is an inappropriate vehicle for reconsideration of such a recent precedent. We note the plaintiff's argument that, since our decision in *Forbes Library,* developments in Federal courts and in some State jurisdictions have supported the plaintiff's position on the appropriate burden of proof in certain types of discharge cases. The defendant points out, however, that the allocation of the burden of proof in discrimination cases, as set forth in *Forbes Library,* is rooted in a number of previous Massachusetts decisions. In *Forbes Library, supra* at 561-562, we stated that "[w]e conclude that the commission should not reinstate an employee unless it finds that the employee would not have been discharged but for his protected activity. The burden of proof under this standard should follow the pattern established in our sex discrimination cases; the employee must bear the ultimate burden of persuasion, but may rely on a prima facie showing to shift to the employer a limited burden of producing evidence. *School Comm. of Braintree* v. *Massachusetts Comm'n Against Discrimination,* 377 Mass. 424 (1979). *Smith College* v. *Massachusetts Comm'n Against Discrimination,* 376 Mass. 221 (1978). *Wheelock College* v. *Massachusetts Comm'n Against Discrimination,* 371 Mass. 130 (1976)." The Appeals Court has also relied on this standard. *Buckley Nursing Home, Inc.* v. *Massachusetts Comm'n Against Discrimination,* 20 Mass. App. Ct. 172, 179-181 (1985). In these circumstances, we decline to reconsider the *Forbes Library* rule.

2. *Application of the Forbes Library standard.* The plaintiff's second argument is that the judge applied inappropriately the burden of proof allocation set forth in *Forbes Library*. A review of the decision below shows that the judge recognized that the employer would be liable only if the employee could show that there would have been no discharge but for the impermissible reason. In applying this standard, the judge found that the plaintiff made a prima facie showing of unlawful discrimination as a motive for the discharge.[5] He then found that the employer had met its burden to come forward with evidence of an independent, permissible reason through a showing of the defendant's "general dissatisfaction with plaintiff's attitude and work performance." This evidence included the problems that the plaintiff had already encountered with Thompson at the time the hotel burglaries were discovered, as well as the implication of the plaintiff in those burglaries.[6] The judge found that both of these factors led Thompson to conclude, before the hotel management had any knowledge of the prior arrest record, that, as of October 31, 1977, she "no longer wished to have [the plaintiff] in the Hotel's employ."[7] It was not the defendant's burden further to persuade the court that the employer was correct in its evaluation of the employee's infraction. See *Forbes Library, supra* at 566.

The judge found, in effect, that the plaintiff had failed to carry his burden of persuasion that the legitimate reasons were not in fact the real reason for the discharge. The evidence

---

[5] Specifically, the judge found that the plaintiff introduced evidence that, after answering the question related to prior arrests and after a period of employment, "he was fired for supplying what the employer claimed was a false answer to that question."

[6] One of the judge's findings was that Pryor had not been involved with the hotel burglaries. We note, however, that an employer may fire an employee for a nondiscriminatory reason, even though the reason is based on erroneous conclusions of fact. See *Forbes Library, supra* at 566-567 & n.5. See also *Nix* v. *WLCY Radio/Rahall Communications,* 738 F.2d 1181, 1187 (11th Cir. 1984).

[7] The judge based his conclusion on Thompson's testimony that she had given the plaintiff oral reprimands and a temporary suspension for a "bad attitude" and for unsatisfactory work performance.

presented in the case was not conclusive. It was well within the judge's discretion, as the trier of fact, to weigh the credibility of Thompson's testimony against the evidence concerning the reasons given for the dismissal on November 16, 1977. We cannot say that his conclusions were erroneous.[8]

The judgment of the Superior Court is affirmed.

*So ordered.*

---

[8] A trial judge's findings will not be set aside unless clearly erroneous. *Powers* v. *Freetown-Lakeville Regional School Dist. Comm.*, 392 Mass. 656, 659 (1984). *Marlow* v. *New Bedford*, 369 Mass. 501, 508 (1976). See Mass. R. Civ. P. .52 (a), 365 Mass. 816 (1974). Further, the judge's conclusions will be upheld unless inconsistent with applicable law. See *Powers, supra; Marlow, supra.*