Flatley, J.
This is an action in tort brought on behalf of Jason Martin, a minor, who sustained a personal injury in consequence of the alleged negligent maintenance of the defendants’ business premises.
The reported evidence[3] indicates that on June 3,1985, the then three year old Jason Martin, his mother, plaintiff Eileen Martin, and his aunt, Tiffany Ford, were walking on a public sidewalk in front of Dillon’s Liquor Store at 53-49 Union Street in Lynn, Massachusetts. As Jason brushed his hand across Dillon’s storefront, his middle, left finger was caught on a section of broken, open tile. The tip of the finger was immediately severed, causing bleeding and exposed bone. Surgical skin regrafting was required, and there is now permanent discoloration and scarring. Evidence was introduced to establish Jason’s present and future medical expenses.
Both Mrs. Martin and Ms. Ford testified that, at the time of the injury and on the next day when they returned to the scene, they saw skin tissue and blood on pieces of metal which protruded from the broken tile on Dillon’s storefront Photographs of the storefront were admitted into evidence as fair and accurate depictions of the area at the time of Jason’s injury, and were included in the court’s amplified report to this Division. These photographs show a generally rundown, dirty, unmaintained area. The broken tile in question is located on the front of the store, approximately three feet up from the sidewalk. The break or opening in the tile appears to measure several inches in width and to be twice as long, and has an irregular, broken edge and pieces of protruding metaL The defective tile is one of several broken, cracked and missing sections of tiling on the storefront, and is immediately to the right of a painted metal door that is scored, chipped and rusty. The amplified report specifically states that there was no evidence of any maintenance or upkeep plan for Dillon’s liquor Store.
Dillon’s is apparently a Seder family business, incorporated under the name of defendant Harry E. Dillon, Inc. and operated on property maintained and owned, at least in part,[4] by individual defendant Richard Seder (“Seder”). Seder testified that he is the sole owner and manager of Dillon’s liquor Store and the president, treasurer and stockholder of Hariy E. Dillon, Inc. In answers to interrogatories, Seder admitted that he was responsible for the maintenance and repairs of the premises in question. The trial court found that Seder “was responsible for the maintenance and repairs of *185 the location at 49-53 Union Street where the plaintiff suffered his injuries... [and] was acting as agent for the owners of the real estate and for himself in maintaining and repairing the location...’'
Seder testified at trial that Dillon’s Liquor Store was in a “bad area,” and that he had had problems in the past with the store being “hit and broken into.” Although Seder admitted the existence of the broken tile on the front of the store, he denied ever seeing it until after Jason’s injury.
The trial court made subsidiary findings of fact, and entered judgment for the plaintiff in the amount of $15,600.00 with interest and costs against Harry E. Dillon, Inc. and Richard Seder, d/b/a Seder Bros. Enterprises. Judgment was also entered for defendant Richard Seder, Inc.
The defendants thereafter sought an appeal to this Division on a charge of error in the court’s denial of ten purported requests for rulings of law.
The scope of appellate review to which the defendants are entitled is restricted to those issues of law properly raised and preserved by them in the trial court, Wesley v. Marsman,393 Mass. 1003 (1984), and then adequately addressed inwritten argument to this Division. Weinstein v. Steigman, 1983 Mass. App. Div. 280, 290, and cases cited.
Although denominated as requests for rulings of law, see Castano v. Leone, 278 Mass. 429, 431 (1932), defendants’ requests numbers 3, 5, 7, 8 and 9 were requests for findings on purely factual issues of the defendants’ control of the premises, Wilson v. Honeywell, Inc., 409 Mass. 803, 805-806 (1991); causation, Zezuski v. Jenny Mfg. Co., 363 Mass. 324, 328 (1972); and the defendants’ negligence. Oldham v. Nerolich, 389 Mass. 1005 (1983); Mullins v. Pine Manor College, 389 Mass. 47, 56 (1983). A party is not entitled to findings of fact upon simple request in a district court proceeding. Dist./Mun. Cts. R. Civ. P., Rule 52(a); E.A. Strout Realty Agency v. Gargan, 328 Mass. 524, 525 (1952); Ashapa v. Reed, 280 Mass. 514, 516 (1932). No issue for appellate consideration attends a trial court’s proper denial of requests for findings of fact not required by thereported evidence. Huikari v. Eastman, 362 Mass. 867 (1972); Bifano v. Patten’s Plumbing & Heating Co., 1984 Mass. App. Div. 228.
Similar^, defendants’ requests numbers 1, 4 and 6 improperly sought mixed findings of fact and rulingsoflaw that Seder and Harry E. Dillon, Inc. were not proper parties to this action. The defendants have effectively waived any appellate consideration of this issue by idling to argue it in their written brief Mills v. Keeler, 351 Mass. 502, 504 (1967); Celco, Inc. v. Computer Systems Eng. Inc., 1983 Mass. App. Div. 182, 183. We note in passing that there was no error in the trial court’s denial of these mixed requests which were inconsistent with the court’s proper subsidiary findings that the named defendants owned and controlled the property in question. Liberatore v. Framingham, 315 Mass. 538, 542 (1944).
Defendants’ request number 10, which states “[t] hat Jason had no license to go to this area of his injury,” also fails as a request for ruling of law cognizable under Dist. Mun. Cts. R. Civ. P., Rule 64(b). On the basis of request number 10, the defendants argue that, at the time of his injury, three year old Jason was not a customer in Dillon’s liquor Store and was thus a trespasser to whom the defendants owed only the duty to refrain from intentional injury or willful, wanton or reckless misconduct Request number 10 was properly denied. At the time Jason sustained his injury, he was a pedestrian on a public sidewalk which abutted the defendants’ store. It is well established that the legal duty imposed upon one who owns or controls property is to exercise reasonable care in the use and maintenance of such property so as to avoid injury not only to invitees and adjoining landowners, but also to travelers upon adjacent ways. Wallace v. Folsom’s Market, Inc., 343 Mass. 177, 178 (1961); Burke v. Zatoonian, 309 Mass. 541, 542 (1941).[5]
*186 Defendants’ remaining request number 2 states:
The defendants as a matter of law did not have notice of the alleged defect to be liable to the plaintiffs.
Although this request could be construed as an improper request for a finding of fact on the question of notice, it may also be considered a request for a ruling of law that the evidence was insufficient to permit the trial court’s implicit finding that the defendants knew or should have known of the defect prior to the plaintiffs injury. We adopt the latter construction, and note that a request for a required finding is properly denied if there is any evidence to permit a finding in the opposing party’s favor. Downey v. Levenson, 247 Mass. 358, 365 (1924).
It is clear that the defendants’ duty of care was
the duty of an owner of land who maintains a wall or other structure adjacent to a public way to persons upon the way ... to maintain such structure in a condition that shall be reasonably safe, having regard to its probable deterioration under exposure to air, wind and matter, as also to all other lawful attendant conditions which might reasonably be anticipated.
Lambert v. Metropolitan Trans. Auth., 339 Mass. 94, 96 (1959), Quoting from Blanchard v. Reynolds, 236 Mass. 396, 398 (1921). Although such duty of reasonable care entailed inspection and repair of the premises, it did not make the defendants insurers of the plaintiffs safety and they were entitled to a reasonable opportunity to become informed of a hazardous condition on their premises and to take appropriate remedial measures. See, generally, Deagle v. Great Atlantic & Pac. Tea Co., 343 Mass. 263, 264 (1961). In addition to proof of the existence of the defective tile, which is undisputed in this case, the plaintiffs were also required to demonstrate that the defendants created the defect, were actually aware of it, or had sufficient time to discover and remedy it before the mishap occurred. Oliveri v. Massachusetts Bay Transp. Auth., 363 Mass. 165, 167 (1973).
The report is devoid of any direct evidence as to the length of time the tile remained broken prior to Jason’s injury. However, the appearance of Dillon’s storefront and the broken tile as shown in the photographs admitted into evidence suggest strongly that the defect was a function of the general state of disrepair and had existed for a considerable period of time. See generally, Hanson v. Worcester, 346 Mass. 51, 52 (1963); Kelly v. Springfield, 328 Mass. 16, 17-18 (1951); Slonimsky v. Springfield, 37 Mass. App. Dec. 18, 23-24 (1967). These photographs, together with the location of the defect on the front of the building, warranted a reasonable inference by the trial judge that the broken tile had existed long enough to have been both discovered upon routine inspection by an owner of ordinary prudence and repaired prior to the plaintiffs injury. There was no error, therefore, in the denial of defendants’ request number 2.
Report dismissed.

 This summary of the evidence is drawn from the trial judge’s original report and his amplification of such report pursuant to an interim decision and order of this Division.

 Seder’s testimony as to the actual ownership of the real estate was, at best, inconsistent He stated, alternately, that the property was owned by him and by his wife; by Seder Bros., Inc., of which he is the sole stockholder; and by him, Harry E. Dillon, Inc. and Seder Enterprises.

 The defendants’ erroneous argument on the applicable standard of care in this matter also overlooks both G.Lc. 231, §85Q and familiar common law which impose on landowners a duty of reasonable care to a child trespasser. Mathis v. Massachusetts Elec. Co., 409 Mass. 256, 260-261 (1991).