Welsh, J.
This is a petition to establish a report. The action to which the petition relates is based upon a promissory note. The two defendants are husband and wife. It is alleged that both defendants signed the note in question and that both are liable jointly and severally. The wife, Sandra E. Donnellan, asserts she did not sign the note and was therefore not liable. The trial judge evidently rejected this contention and found for the plaintiff against both defendants jointly and severally.
According to the draft report the defendant seeks to have established, the wife testified that she did not sign the note, but she conceded that she endorsed the check which represented the proceeds of the loan.
The trial judge, of course, was not obliged to credit the wife’s testimony that she did not sign the note, even though such testimony was not contradicted. Lenn v. Riche, 331 Mass. 104, 111 (1954). While perhaps not a compelling inference, the judge might well have concluded that her purported signature was not unauthorized in view of her admitted endorsement of the proceeds check. The existence of such an agency need not be established by direct evidence, but may be shown by the circumstances. While proof of the marital relationship alone might not be sufficient to establish agency, it is certainly a consideration for the trier of fact in deciding whether she knew of and acquiesced in his actions. Gordon v. O’Brien, 320 Mass. 739, 741 (1947).
The trial judge filed a certificate indicating the reasons for disallowance, agreeable to Rule 64 (c) (5) Dist./Mun. Cts. R Civ. P. The certificate stated that the report was disallowed because it did not contain the correct rulings of the trial justice. This is a legally sufficient reason for disallowing the report. See Jencyowski v. Hambro, 326 Mass. 793 (1950). The burden rests upon the petitioner to rebut the certificate of the trial judge. None of the documents submitted rebuts, explains or overcomes the judge’s certificate. Id.
Apart from this, no question of law is presented by the draft report sought to be established.
The first requested ruling is, in substance, that the wife is not liable to the pláintiff on a note she neither signed nor delivered. As we stated, the judge was not required to find that the wife did not execute the note and was warranted under the circumstances in concluding that she did. Alternatively, he might have found that the husband signed as agent for the wife. A request for a conclusion of law that the defendant is not indebted to the plaintiff is essentially a request for a finding of fact. Shawmut Bank of Boston v. Jacobs, 1984 Mass. App. Div. 163.
Similarly the judge was not restricted to finding the wife liable solely as an endorser of the proceeds check, or that the bank participated in or countenanced some sort of fraud on the wife, or committed an unfair or deceptive act or practice under G.L.c. 93A *226 Most of the requests were for findings of fact although labeled requests for rulings of law.
The trial judge’s denial or refusal to act upon what are in essence requests for factual findings presents no issue for the consideration of the appellate division. Bifano v. Patten’s Plumbing & Heating Co., Inc., 1984 Mass. App. Div. 228; Huikari v. Eastman, 362 Mass. 867 (1972). It is the nature of the request that determines whether it is a requestfor afinding of fact or for aruling of law. Castano v. Leone, 278 Mass. 429, 431 (1932).
A petition to establish report must be denied when the draft report to which it relates presents no question of law. Concord Oil Company v. Palmer, 1984 Mass. App. Div. 121, 122. Furthermore, the appellate division is not required to determine whether or not the draft report sought to be established conformed to the facts or is otherwise suitable for allowance by the trial judge, if it discloses no prejudicial error. See Locke v. Slater, 387 Mass. 682, 685 (1982).
The petition to establish report is denied.
So ordered.