Welch, J.
BACKGROUND
This case involves a claim that the defendants were responsible for the death of James R. Burley, due to the excessive delay in getting Mr. Burley into surgery once he was diagnosed with a leaking abdominal aortic aneurysm. The essence of the plaintiffs case was that either the defendant Dr. Prusty, the emergency room physician who made the diagnosis, delayed in contacting the on-call surgeon, or the defendant Dr. Gonzalez, the on-call surgeon, took too long to respond to the call, or both. Following a trial in Salem Superior Court, the jury returned a verdict in favor of both defendants, finding that neither was negligent. The jury’s deliberations were not rushed. Indeed, the jury, which was attentive throughout this well tried case, spent at least eight hours reviewing the evidence before delivering a verdict. The plaintiff has moved for a new trial pursuant to Mass.R.Civ.P. 59(a) on the grounds that the verdict was against the weight of the evidence.[1]
For the reasons which follow, the plaintiffs motion for a new trial is ALLOWED.
DISCUSSION
The grant or denial of a motion for a new trial on the ground that the verdict is against the weight of the evidence rests in the discretion of the judge. Turnpike Motors, Inc. v. Newbury Group, Inc., 413 Mass. 119, 127 (1992); J. Edmond & Co. v. Rosen, 412 Mass. 572, 576 (1992); Robertson v. Gaston Snow & Ely Bartlett, 404 Mass. 515, 520 (1989). A judge should exercise this discretion only when the verdict is so greatly against the weight of the evidence as to induce in his mind the strong belief that it was not due to a careful consideration of the evidence, but that it was the product of bias, misapprehension or prejudice. Turnpike Motors, Inc., 413 Mass. at 127; Solimene v. B. Grauel & Co., KG, 399 Mass. 790, 802 (1987). Stated otherwise, the trial judge may set aside a verdict as against the weight of the evidence only if he is satisfied that the jury have failed to exercise an honest and reasonable judgment in accordance with the controlling principles of law. Robertson, 404 Mass. at 520; Oldham v. Nerolich, 389 Mass. 1005, 1005-06 (1983). In ruling on a motion for a new trial on the ground that the verdict was against the weight of the evidence, the judge must necessarily consider the probative force of the evidence and not merely the presence or absence of any evidence on the disputed point. Robertson, 404 Mass. at 520; Hartmann v. Boston Herald-Traveler Corp., 323 Mass. 56, 60 (1948); Phachansiri v. Lowell, 35 Mass.App.Ct. 576, 580 (1993).
At the trial of the present case, nearly eveiy medical witness agreed that there had been an unreasonable delay in getting James Burley into surgery once he was diagnosed with a leaking ab *239 dominal aortic aneurysm.[2] The only real question was whether the delay was caused by a failure on the part of the emergency room physician to promptly contact the on-call surgeon, or whether the on-call surgeon failed to arrive at the hospital within a reasonable time once she was called.
The evidence was undisputed that Dr. Prusty, the emergency room physician, saw James Burley at about 11:30 p.m. and within a few minutes diagnosed him as having a leaking abdominal aortic aneurysm. The evidence was also undisputed that Dr. Gonzalez, the on-call surgeon, did not arrive at the hospital until 12:45 a.m.
Dr. Prusty testified that he asked a nurse to call the surgeon immediately upon making his diagnosis. Nurse Francis testified that she made the call as soon as she was asked to do so, and she logged the call (indicating actual contact with Dr. Gonzalez) as having been made at 11:45 a.m. Dr. Gonzalez disputed this, testifying that she was not contacted until 12:30 a.m. or 12:25 a.m.
Medical experts for both sides agreed that the emergency room physician is obligated to call a surgeon immediately upon making a diagnosis of a leaking abdominal aortic aneurysm (or delegate the responsibility of calling to another and retain the responsibility to ensure that contact was made), and that the surgeon is obligated to arrive at the hospital within thirty minutes after being called. Therefore, if Dr. Prusty’s (and Nurse Francis’) testimony is to be believed, then Dr. Gonzalez was at fault for taking a full hour to arrive at the hospital;[3] conversely, if Dr. Gonzalez’s testimony is to be believed, then Dr. Prusty was at fault for not contacting Dr. Gonzalez for at least forty-five minutes after diagnosing James Burley’s condition.[4] Despite the virtually unassailable conclusion that at least one of the defendants failed to act reasonably, the jury responded “No" to the special question as to whether each defendant was negligent.[5]
Under these circumstances, the court feels that this is the rare occasion where it is appropriate to exercise its discretion to grant a new trial. All of the evidence at trial indicates that at least one of the defendants was at fault for the delay in getting Mr. Burley into surgery. The court feels that the verdict was “so greatly against the weight of the evidence as to induce the strong belief that it was not due to a careful consideration of the evidence, but that it was the product of bias, misapprehension or prejudice,” see Turnpike Motors, Inc., 413 Mass. at 127; Solimene v. B. Grauel & Co., KG, 399 Mass. 790, 802 (1987), and that the jury “failed to exercise an honest and reasonable judgment in accordance with the controlling principles of law.” See Robertson, 404 Mass. at 520; Oldham v. Nerolich, 389 Mass. 1005, 1005-06 (1983).
ORDER
It is therefore ORDERED that the plaintiffs motion for a new trial is ALLOWED.

The plaintiff bases her motion in the alternative on the ground that the court erred in refusing to allow the plaintiff access to investigate documents from the hospital. Because the court grants a new trial on the ground that the jury’s verdict was against the weight of the evidence, the court need not address this alternative ground.

Surgery was not begun until approximately 1:30 a.m (after the plaintiffs condition deteriorated markedly at approximately 1:15 a.m.). Eveiy expert witness opined that two hours was an excessive delay. Dr. Splaine (a treating surgeon) gave the opinion that the policy at the Addison Gilbert was to have a patient into the operating room within two hours. Although he modified this to an hour and one-half at times during his testimony.

Dr. Gonzalez did not claim she was delayed due to no fault of her own, such as car trouble or traffic.

The experts for both sides agreed that it was Dr. Prusty’s obligation to ensure the surgeon was called. Therefore, although there was some suggestion at trial that the nurse may have delayed in calling Dr. Gonzalez after receiving her instructions to do so (in which case her log entry of 11:45 p.m would be false), Dr. Prusty was nonetheless responsible for making sure his instructions were carried out. The jury was instructed that a doctor has the responsibility to ensure that his instructions are carried out. Given the verdict, it appears the jury must have misunderstood this or some other legal instruction.

The defendants offered some evidence that the delay in getting Mr. Burley into surgery once diagnosed was not the cause of his death, as he had allegedly waited too long before coming to the emergency room after first experiencing symptoms of the aneurysm. The jury, however, never reached the issue of proximate cause, having found neither defendant negligent. Therefore, although it is possible the plaintiff would not have recovered had the jury found the defendants’ actions not to be the proximate cause of Mr. Burley’s death, that is no reason to deny a new trial on the issue of negligence.